THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DELBERT BEARD, Defendant-Appellant.

(No. 57966;

First District (3rd Division)—October 25, 1973.

James J. Doherty, Public Defender, of Chicago, (Donald Honchell, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Michael J. Polelle, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Delbert Beard, was charged with theft and criminal trespass to a vehicle. After a bench trial in the circuit court of Cook County, he was found guilty of both charges and placed on probation. Subsequently, he was charged with a violation of probation. The judge who had conducted defendant's trial and admitted him to probation was no longer a member of the circuit court bench; therefore the presiding judge of the criminal division conducted the revocation of probation hearing. On June 21, 1972, defendant's probation was revoked, and he was sentenced to a term of two to eight years in the penitentiary to be served consecutive to a Federal sentence of 25 years for bank robbery currently being served by defendant.

Defendant contends on appeal that the State, in violation of statute and due process, failed to hold a revocation hearing within a reasonable time after his apprehension, thus entitling him to dismissal of the rule to show cause; and that the trial court's acceptance of the defendant's admissions to the violations of probation without admonishment under Supreme Court Rule 402 was reversible error. Defendant also urges that the sentence imposed for violation of probation be vacated and remanded to the trial court for a fuller inquiry into the original offense and defendant's background, or in the alternative, that the sentence is excessive and should be reduced.

On April 11, 1968, defendant was admitted to probation on the theft and criminal trespass charges. In December 1968 defendant was arrested on a Federal charge of bank robbery in Michigan. He was convicted of that charge, and, on October 24, 1969, he was sentenced to 25 years in the Federal penitentiary. In July, 1971 defendant was transferred to a Federal penitentiary in Illinois.

In June, 1969, defendant's probation officer had requested that defen-

dant's probation be revoked and that a warrant be issued for his arrest on the grounds that defendant had not reported and could not be located. On May 24, 1972, the trial judge issued another warrant for defendant's arrest. This was served on defendant and on June 8, 1972, the court ordered defendant to show cause why his probation should not be revoked. At the revocation hearing on June 21, 1972, defendant admitted through his counsel that he failed to report to his probation officer and that he had been convicted of bank robbery subsequent to being placed on probation. Defense counsel's oral motion to dismiss the rule for failure to hold a revocation hearing within a reasonable time after defendant's apprehension was denied. Defense counsel then requested that any sentence imposed run concurrent with the Federal sentence; however, the trial court sentenced defendant to a term of two to eight years consecutive to the Federal sentence.

Defendant initially contends that the trial court erred in denying his oral motion to dismiss the rule to show cause. The statute then in effect (Ill. Rev. Stat. 1971, ch. 38, par. 117—3(b)), required that "when a warrant is issued the court shall within a reasonable time after the apprehension of the probationer conduct a hearing on the issue of the probation violation * * *." (The present Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1001 *et seq.*) effective January 1, 1973, has deleted any reference to the probation violation hearing being conducted within a reasonable time after apprehension.) The thrust of defendant's argument may be summarized as follows: that in June 1969 when an arrest warrant was issued for his failure to report to the probation officer he was in Federal custody and thus for purposes of the statute had already been apprehended; that he thereby was "constructively in State custody" because State officials could have located his presence by prompt inquiry to the Federal correctional system; and that the delay until 1972 was unreasonable and entitled him to a dismissal of the rule.

■■ We find, however, that defendant was not in the constructive custody of the State merely because he was in the actual custody of the Federal authorities. We further find that under the facts and circumstances of the present case there was no duty on the part of the State to make prompt inquiry of the Federal correctional authorities to determine whether they knew of defendant's whereabouts. Indeed, under defendant's reasoning, it would have been necessary for the State to inquire, not just of the federal correctional system, but also of all the other State jurisdictions, to avoid the claim that defendant was in the constructive custody of Illinois. From the record it would appear that Cook County probation officials learned that defendant was in prison some time after he was

transferred to the federal prison in Illinois. Thereafter, at their request, in May 1972 the trial court issued a warrant, and the hearing on the violation occurred in June, 1972. For purposes of compliance with the Illinois statute, we believe that defendant's "apprehension" took place when this warrant was served. The trial court correctly denied defendant's motion to dismiss the rule.

Defendant's next contention is that the trial court erred in accepting defendant's admissions to the violations of probation without giving him the necessary admonishments in accordance with Supreme Court Rule 402 dealing with guilty pleas. In support of this contention, defendant cites *People v. Watkins* (1973), 10 Ill.App.3d 875, 295 N.E.2d 546, in which the Fourth District of this court adopted his argument.

In the present case, defendant stipulated through his attorney that he failed to report to his probation officer and that, subsequent to being placed on probation, he was convicted of bank robbery. The trial court then revoked defendant's probation.

■■ In a recent case, *Gagnon v. Scarpelli* (1973), (U.S.), 36 L.Ed. 656, the United States Supreme Court has set forth basic due process requirements for revocations of probation. The court held that a probationer was entitled to a notice of the alleged violations, to have the opportunity to appear and present evidence, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing. The court, in language pertinent to this appeal, stated at p. 666:

> "We deal here not with an accused's right in a criminal prosecution but with a more limited due process right of one who is a probationer or parolee only because he has been convicted of a crime."

We believe it significant that in *Gagnon* the court made no reference to *Boykin v. Alabama* (1969), 395 U.S. 238, the decision in which it enunciated the procedures and admonishments required before the acceptance of guilty pleas. Moreover, the Second District of this court has held that a trial court need not give the admonishments required under Supreme Court Rule 402 before accepting defendant's admissions of probation violations. *People v. Evans* (1972), 3 Ill.App.3d 435, 278 N.E.2d 401. Also see *People v. Thornton* (1972), 4 Ill.App.3d 896, 282 N.E.2d 276.

■■ An admission of a probation violation is significantly different in nature and effect from what is involved in a plea of guilty to the original criminal charge. A probationer has no right to a hearing by a jury, and the State is required to prove the violation only by a preponderance of the evidence, rather than by proof beyond a reasonable doubt. Often, as in the instant case, the incriminating evidence is a matter of

public record. And by admitting the probation violation, the defendant merely waives the formality of the introduction into evidence of a certified copy of the conviction which has served as the basis of the probation violation charge. We conclude that the procedures under Supreme Court Rule 402 are not applicable to probation revocation hearings. After defendant admitted to the violations of probation, the trial court did not abuse its discretion in revoking probation.

Defendant finally argues that the sentence imposed for violation of probation should be vacated and the cause remanded for a fuller inquiry into the original offense and into defendant's background, or in the alternative, that the sentence is excessive, and should be reduced.

■■ As has already been noted, the present trial judge was not the judge who placed defendant on probation. An examination of the record at the probation revocation hearing indicates that the sentencing judge knew only that defendant had been convicted of theft and criminal trespass to a vehicle, had been admitted to probation for those two charges, and then shortly after had been accused and convicted of bank robbery. Defense counsel waived offering any evidence in mitigation, but the present situation was more than a waiver or a failure to conduct a hearing in aggravation and mitigation. The trial judge had not been made aware of any facts concerning the offenses for which defendant had been placed on probation. Hence there is nothing in the record by which the propriety of the sentence for the probation violation can be determined. The sentence therefore is vacated, and the cause is remanded for a sentencing hearing in accordance with the Unified Code of Corrections.

Accordingly, the judgment revoking probation is affirmed, the sentence is vacated, and the cause is remanded for resentencing consistent with the holdings contained in this opinion.

Judgment affirmed; sentence vacated and cause remanded.

DEMPSEY, P. J., and McGLOON, J., concur.