THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE
REESE, a/k/a Notkeece Jones, Defendant-Appellant.

First District (1st Division)    No. 61642

Opinion filed April 5, 1976.

James J. Doherty, Public Defender, of Chicago (Roberta Cole, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Mary C. Martin, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

On November 17, 1972, Willie Reese (defendant) pleaded guilty to a charge of theft. (Indictment No. 72-2560). He was sentenced to probation for 5 years with the first 9 months to be served in the county jail. On July 15, 1974, the trial court, Judge James M. Bailey, revoked his probation and sentenced him to the penitentiary for 2 to 10 years. In his appeal to this court, he contends that he was denied due process of law by failure of the State to file a petition and to issue a summons or warrant for the alleged violation of probation; he was denied a hearing on a petition for

substitution of judges; the trial court refused to hear his motion to suppress evidence; he was deprived of due process of law by the failure of the State to prove the allegations in the petition to revoke probation and that he should receive credit for time served on probation.

As background to the issue of the filing of a petition for revocation, the record shows that on April 19, 1973, during defendant's term of probation, a warrant for his arrest was issued pursuant to an application by a probation officer which stated that defendant was to appear in court on a charge of possession of a hypodermic needle. On June 26, 1973, a rule to show cause was issued against defendant. On September 18, 1973, the rule was discharged and defendant was recommitted to probation.

The record also shows that on March 7, 1974, defendant appeared before Judge Louis B. Garippo in connection with Indictment No. 74-803, charging him with theft. The court indicated that the probation department was preparing a rule to show cause for revocation of defendant's probation which would be heard before Judge James M. Bailey. The hearing was thereupon continued for the purpose of determining the outcome of the proceedings with reference to termination of probation.

The cause was next called before Judge Garippo on March 27, 1974. The court advised all present that he would continue the matter so that the violation of probation could be heard first by Judge Bailey. Defendant stated in open court that he wished trial. Counsel requested a conference with defendant. Thereafter, by agreement Judge Garippo continued the cause to April 16, 1974. Additional continuances were granted because defendant, by his counsel, requested a transcript of the preliminary hearing held in the theft case prior to the return of Indictment No. 74-803. On March 11, 1974, the State served an answer to a discovery petition upon counsel for defendant. This gave a summary of the pertinent information including time and place of the alleged offense, names of witnesses and a statement that the police reports and grand jury transcript were available to be copied.

On July 2, 1974, defendant appeared with his counsel before Judge Bailey. The Assistant State's Attorney explained the situation and stated that he had been told by the probation department that a petition and rule to show cause were pending regarding the alleged violation of probation. He also stated his understanding that the warrant had been quashed. This information from the probation department might possibly have had reference to the previous rule to show cause concerning possession of a hypodermic needle which rule had been discharged on September 18, 1973. In any event, counsel for defendant then stated that a copy of the rule to show cause had never been served upon him or his client and he, therefore, requested a continuance for the purpose of inspecting and

studying the rule and filing written motions. The court denied the motion for continuance.

Further proceedings were then taken and evidence heard. These matters will later be described in detail. The State then rested its case on the revocation proceedings. Counsel for defendant stated that he was not ready because he had never been served with a formal notice alleging violation of probation. He requested a continuance for an opportunity to prepare a proper defense. The court granted this motion and further hearing was continued to July 15, 1974.

Shortly prior to the hearing a petition was prepared and served setting forth that on January 24, 1973, defendant had been arrested by the Chicago police for conspiracy, which charge was subsequently reduced to attempt theft. It alleged that on January 25, 1973, defendant was found guilty of this offense and sentenced to 60 days in the House of Correction. The petition also alleged that on December 7, 1973, defendant was apprehended by police who saw him bump into a woman named Adela Barron and steal her wallet while she was waiting for an Illinois Central train. It alleged that defendant was then charged with theft and gave police the name of "Notkeece Jones." It alleged that defendant had been held to the grand jury on the theft charge and had been indicted under No. 74-803 which cause was then pending before Judge Louis B. Garippo.

Immediately upon filing of the petition, the defense rested. After hearing argument of counsel, the court entered a finding that defendant had violated his probation and granted the State's request that the petition be filed *nunc pro tunc* as of July 2, 1974. The cause was then continued for a presentence investigation. Defendant was sentenced on August 15, 1974.

■■  The gist of defendant's first contention is that defendant had no reasonable notice of the revocation proceedings so that he could not defend himself properly and he was, therefore, deprived of due process of law. This issue must be decided from the point of view of the fundamental distinction between the usual prosecution for crime and revocation of probation. Undoubtedly the mantle of due process protection extends to probation revocation hearings. However, the same stringent requirements traditionally embodied in the usual prosecution for crime are not required in revocation proceedings. On the contrary, "there is a qualitative difference between a criminal conviction and the revocation of probation * * *." (*People v. Beard* (1974), 59 Ill. 2d 220, 226, 319 N.E.2d 745.) It has been held that revocation proceedings are governed by a flexible concept of due process. These principles are completely set forth in *Beard* which in turn cites the pertinent authorities establishing them. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L.Ed.2d

656, 93 S.Ct. 1756; *Morrissey v. Brewer* (1972), 408 U.S. 471, 481, 33 L.Ed.2d 484, 92 S.Ct. 2593. See also *People v. Dowery* (1975), 62 Ill. 2d 200, 204, 340 N.E.2d 529.

In the case before us, defendant had full and complete knowledge of the basis of the revocation proceedings. On March 7, 1974, when he first appeared before Judge Garippo, he was advised that there would be a violation of probation hearing before Judge Bailey prior to his trial for the subsequent offense against Adela Barron. He and his counsel received a copy of the indictment, a copy of the transcript of the preliminary hearing and the full discovery information furnished by the State. On March 27, 1974, before Judge Garippo, he was again advised of the fact that the hearing on the violation of probation would be heard prior to the theft trial. Similar oral notice was given to defendant in other appearances before Judge Garippo as above noted.

Consequently, when the revocation proceedings were called for trial before Judge Bailey on July 2, 1974, defendant and his able counsel were both well informed of the charges against him and of all of the pertinent facts pertaining to his guilt or innocence. In addition, at the request of defendant's counsel, the hearing was continued to July 15, 1974, and at the time defendant was given the written petition summarizing the charge. In actuality, the written petition was superfluous, because it reiterated facts already known by defendant and gave him no information which he did not already have. Upon examination of this entire record, we cannot say that defendant's rights were abrogated or denied in even the slightest respect and we cannot say that he was denied due process of law.

It is true that the pertinent statute provides that when a petition is filed charging a violation of probation, the court may then order a summons to the offender to appear or a warrant for his arrest and the court is to "conduct a hearing of the alleged violation." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(a) and (b).) But, this does not appear as a mandatory requirement before commencement of the revocation hearing but simply as a requirement or prerequisite to the issuance of summons or a warrant. Defendant was taken into custody by the police on December 7, 1973, at the time of the theft. Since he was in custody, there was no need to issue a summons or warrant against him. We do not believe that this delay in service of the petition on defendant affected substantial rights in the case before us.

■■ It is correct, as a general matter, that the more proper and orderly procedure in this, or any other case, would be the service and filing of a proper petition setting forth the grounds upon which the revocation of probation is desired. However, with due regard to the established qualitative difference in due process terms between a criminal prosecution and probation revocation proceedings, the delay in service of

the petition upon defendant does not necessarily mean that defendant was denied due process so as to require reversal of the revocation order. We have concluded that under the circumstances of the case before us, because of the information both oral and written given to defendant in connection with his defense of the subsequent charge and in view further of the strength of the evidence against defendant and the nature of his defense that there was no denial of due process here.

■■ When the parties first appeared before Judge Bailey on July 2, 1974, defendant's counsel made an oral request for a substitution of judges. He based this on the fact that the court was well aware of defendant's background because of having admitted him to probation and also that the court had stated that if the probation was violated he would then immediately sentence the defendant to jail. The pertinent statute provides that "any defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion." (Ill. Rev. Stat. 1973, ch. 38, par. 114—5(c).) These statements by defendant's counsel to the court regarding the judge came too late. The revocation proceedings actually constituted a continuation of the charge to which defendant pleaded guilty on June 19, 1972. At that point in the proceedings, defendant could obtain a substitution of judges only through a showing of actual prejudice. (*People v. Haynes* (1974), 21 Ill. App. 3d 1, 2, 313 N.E.2d 601, *leave to appeal denied,* 57 Ill. 2d 605. See also *People v. Holmes* (1971), 1 Ill. App. 3d 28, 30, 31, 272 N.E.2d 254.) There is no showing of prejudice on the part of the trial judge in this record.

■■ At the first appearance before Judge Bailey on July 2, 1974, counsel for defendant orally moved to suppress physical evidence taken from him by the police when he was arrested for the theft involving Adela Barron. The court refused to hear this motion on the ground that the exclusionary rule did not apply in revocation hearings. This ruling by the court was entirely correct. *People v. Dowery* (1975), 62 Ill. 2d 200, 340 N.E.2d 529.

Defendant's brief presents an argument regarding sufficiency of his identification. *Dewey* does not consider the availability to defendant in a probation revocation of a motion to suppress an identification. The record here shows that defendant's counsel specifically stated to the court that he wished to file a pretrial motion to suppress evidence. No mention was made regarding an attempt to suppress the identification. No objection was made by defendant concerning the identification testimony. Furthermore, on the merits of the situation, in our opinion, the identification evidence here is not subject to successful attack.

■■ Defendant urges that the evidence was insufficient to show his guilt of theft. Defendant contends that violation of the terms of probation

must be proved by "nothing less than the most convincing proof." On the contrary, the law today is clear beyond argument that in a proceeding for violation of probation predicated upon commission of a crime, proof of the pertinent facts by a preponderance of the evidence is sufficient. Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c); *People v. Crowell* (1973), 53 Ill. 2d 447, 451, 292 N.E.2d 721.

In the case before us the People proved by credible testimony that the complaining witness observed defendant very closely when he bumped into her on the side where she held her purse. Shortly thereafter she noticed that her wallet was missing and tried to find defendant. Failing in this, she took a train and went home. The arresting officer had seen defendant bumping several persons in the crowded station. Two officers followed him out into the street and watched him putting articles into his pocket. One officer observed that defendant took these articles from a black ladies wallet with a vanity mirror. They asked defendant if the wallet was his and he stated he had found it.

At the police station the officers saw that defendant had slits in his jacket pocket which would permit his hands to move freely under his coat. They called the complaining witness at the telephone number they found in the wallet. She gave them a description of the person and of clothing which corresponded to the defendant. Before Judge Bailey, she identified defendant as the man who had bumped her in the station and testified that the wallet and contents found in his possession were her property. The proof of guilt was sufficient beyond reasonable doubt.

Defendant finally contends that he should receive credit on his sentence for time spent on probation. As originally adopted effective January 1, 1973, the Unified Code of Corrections provided for credit against the sentence of imprisonment for time served on probation. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).) This Act was not in effect at the time of the theft originally committed by defendant but was in effect at the time of the theft from Adela Barron. When defendant was sentenced to the penitentiary on August 15, 1974, the statute had been amended, effective July 1, 1974, to provide that time on probation would be credited against a sentence of imprisonment "unless the court orders otherwise." (See Public Act 78—939, sec. 1.) At the hearing on the sentence, counsel for defendant stated, "We would elect to proceed under the Code in effect today." The court ruled that defendant was entitled to credit upon his penitentiary sentence only for time actually spent in custody and not for time on probation. The court sentenced defendant in accordance with the Code as it existed on August 15, 1974, when sentence was imposed.

■■ The point is more theoretical than actual since defendant was in custody for a greater portion of the time and there were comparatively few days during which he was at liberty on probation. In our opinion,

defendant is entitled to any amelioration or lesser penalty which the Unified Code affords. (*People v. Lilly* (1974), 56 Ill. 2d 493, 497, 309 N.E.2d 1.) After reading this record it is difficult to believe that either defendant or his attorney knowingly elected to waive the right to credit which was a part of the Code until the amendment of July 1, 1974, effective only some 45 days prior to the imposition of sentence. We can hardly conceive that the above statement by counsel constitutes a waiver by him and his client or an intentional relinquishment of a known right with full possession of all the facts. We, therefore, hold that defendant should be given the credit which he requests, as we did in *People v. Dandridge* (1974), 20 Ill. App. 3d 745, 315 N.E.2d 116.

The judgment for revocation of probation and the sentence are affirmed and the cause is remanded with directions to consider, determine and implement the amount of credit to which defendant is entitled for time served in jail and on probation in accordance with the views above expressed.

Judgment and sentence affirmed, cause remanded.

BURKE and O'CONNOR, JJ., concur.