UNITED STATES of America, Appellee,

v.

Thomas FREDERICKSON, Appellant.

No. 78–1331.

United States Court of Appeals, Eighth Circuit.

Submitted July 27, 1978.

Decided Aug. 3, 1978.

David L. Herzog, Omaha, Neb., filed brief, for appellant.

Edward G. Warin, U. S. Atty. and Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., filed brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Thomas Frederickson appeals from the district court[1] order revoking his probation and committing him to the custody of the Attorney General for a period of one year. We affirm.

On September 15, 1976 a grand jury of the United States District Court for the District of Nebraska returned an indictment charging appellant with two counts of conspiring to violate the racketeering provisions of 18 U.S.C. §§ 1952, 1953 by conducting gambling operations, all in violation of 18 U.S.C. § 371. Appellant thereafter pleaded guilty to one count of the indictment and, on December 2, 1976, he was sentenced to one year's imprisonment, with the execution of sentence suspended, placed on one year's probation, and fined $1,000.00 and costs of $70.00. Among the conditions of probation were the following:

2. (a) Defendant shall not have in his possession, custody or control any record, paraphernalia, ticket, certificate, bills, slip, token paper writing, or other device used, or to be used, or adapted, devised, or designed for use in bookmaking, wagering pools with respect to a sporting event, numbers game, policy games, parimutuel betting, or any other gambling activity.

(b) Defendant shall not, either directly or indirectly own, rent, lease, or otherwise occupy any premises used in any manner for bookmaking, gambling, or other wagering contests, nor shall he frequent said premises.

(c) Defendant shall not subscribe to any wire or telephone service, either directly or indirectly, present or future except with the specific authorization of the Probation Office.

(d) Defendant shall not accept, place, take, book, or otherwise handle any bets or wagers or participate in any gambling activity, either legal or illegal, during the period of his probation.

On October 31, 1977 a probation officer filed a petition seeking to have appellant's probation revoked on the ground that he had violated conditions 2(a), (b) and (c) by possessing numerous items of gambling paraphernalia for which he was arrested by state authorities, by occupying premises being used for gambling, and by subscribing to a telephone service without the authorization of the Probation Office. Appellant was arrested and a probation revocation hearing scheduled.

Prior to the revocation hearing appellant's attorney moved to suppress all evi-

---

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

dence seized at the time of appellant's arrest by state authorities, on the theory that it was the result of an unlawful wiretap by Nebraska law enforcement officers. The district court denied the suppression motion. Thereafter the probation officer amended his petition to allege, as an additional ground for revocation, that appellant had been convicted of gambling in municipal court in Omaha, Nebraska.

After a hearing the district court found that appellant had violated the conditions of his probation, revoked the probation, and sentenced appellant to one year's imprisonment. Appellant timely appealed and alleges three grounds for reversal: (1) the wiretap provisions of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 are unconstitutional; (2) there was insufficient evidence to identify appellant as the party convicted of gambling in the Omaha, Nebraska municipal court; and (3) the district court erred in denying appellant's motion to suppress evidence.

### Constitutionality of Federal Wiretap Statute.

■ This court has consistently upheld the constitutionality of the challenged provision. *See United States v. Civella,* 533 F.2d 1395, 1399 (8th Cir. 1976), *vacated in part and remanded on other grounds sub nom., United States v. Barletta,* 430 U.S. 902, 97 S.Ct. 1168, 51 L.Ed.2d 578 (1977), *cert. denied,* 430 U.S. 905, 97 S.Ct. 1174, 51 L.Ed.2d 581 (1977), *on remand,* 565 F.2d 985 (8th Cir. 1977); *United States v. John,* 508 F.2d 1134, 1137 (8th Cir.), *cert. denied, Bernstein v. U. S.,* 421 U.S. 962, 95 S.Ct. 1948, 44 L.Ed.2d 448 (1975); *United States v. Wolk,* 466 F.2d 1143, 1146 n. 2 (8th Cir. 1972); *United States v. Cox,* 462 F.2d 1293, 1304 (8th Cir. 1972), *cert. denied,* 417 U.S. 918, 94 S.Ct. 2623, 41 L.Ed.2d 223 (1974). We are apprised of no reason why these decisions should be reexamined.

### Identification.

■ The judgment of conviction and transcript of proceedings from the state court were offered in evidence at the revocation hearing without objection as to relevancy or materiality. In addition, appellant's counsel joined in offering in evidence portions of the state court record. Appellant's counsel also objected to the revocation proceedings as being untimely in relation to the state trial. On this record, it is clear that there was sufficient evidence for the district court to conclude that appellant was the person convicted of gambling in state court.

### Motion to Suppress.

■ Appellant's motion to suppress and his brief on appeal do not state precisely what grounds are relied upon to suppress the evidence in question. To the extent that appellant attempts to invoke the judicially-created exclusionary rule designed to safeguard fourth amendment rights, *see Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), his claim must fail. All reported cases which have considered the question have held the fourth amendment exclusionary rule inapplicable to probation revocation proceedings. *See United States v. Vandemark,* 522 F.2d 1019, 1020 (9th Cir. 1975); *United States v. Winsett,* 518 F.2d 51, 53–55 (9th Cir. 1975); *United States v. Farmer,* 512 F.2d 160, 162–63 (6th Cir.), *cert. denied,* 423 U.S. 987, 96 S.Ct. 397, 46 L.Ed.2d 305 (1975); *United States v. Brown,* 488 F.2d 94, 95 (5th Cir. 1973) (alternate holding); *United States v. Johnson,* 455 F.2d 932, 933 (5th Cir.), *cert. denied,* 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972); *United States v. Hill,* 447 F.2d 817, 818–19 (7th Cir. 1971) (alternate holding); *Connelly v. Parkinson,* 405 F.Supp. 811, 814 (D.S.D.1975) (alternate holding); *United States v. Delago,* 397 F.Supp. 708, 712 (S.D.N.Y.1974); *United States v. Rushlow,* 385 F.Supp. 795, 797 (S.D.Cal.1974), *aff'd,* 541 F.2d 287 (9th Cir.) (table), *cert. denied,* 429 U.S. 984, 97 S.Ct. 502, 50 L.Ed.2d 595 (1976); *United States v. Allen,* 349 F.Supp. 749, 753–54 (N.D.Cal. 1972); *United States ex rel. Lombardino v. Heyd,* 318 F.Supp. 648, 650–52 (E.D.La. 1970), *aff'd,* 438 F.2d 1027 (5th Cir.), *cert. denied,* 404 U.S. 880, 92 S.Ct. 195, 30

L.Ed.2d 160 (1971). *See also* state cases collected in *United States v. Vandemark, supra,* 522 F.2d at 1020. *Cf. United States ex rel. Sperling v. Fitzpatrick,* 426 F.2d 1161, 1163–66 (2d Cir. 1970) (opinions of Hays, J., and Lumbard, C. J.) (parole revocation).

■ One court has held, however, that the statutory exclusionary rule contained in 18 U.S.C. § 2515 [2] is broader than the fourth amendment exclusionary rule and does apply to probation revocation proceedings. *United States v. Manuszak,* 438 F.Supp. 613, 615–17 (E.D.Pa.1977). We assume, but do not decide, that the *Manuszak* case was properly decided.

Appellant's sole claim which would invoke this statutory exclusionary rule is that 18 U.S.C. § 2516(2), which allows state interception orders only for certain offenses, does not encompass the misdemeanor of gambling defined by Neb.Rev.Stat. § 86–705. Section 2516(2) provides:

(2) The principal prosecuting attorney of any State, or the principal prosecuting attorney of any political subdivision thereof, if such attorney is authorized by a statute of that State to make application to a State court judge of competent jurisdiction for an order authorizing or approving the interception of wire or oral communications, may apply to such judge for, and such judge may grant in conformity with section 2518 of this chapter and with the applicable State statute an order authorizing, or approving the interception of wire or oral communications by investigative or law enforcement officers having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of the commission of the offense of murder, kidnapping, gambling, robbery, bribery, extortion, or dealing in narcotic drugs, marihuana or other dangerous drugs, or other

crime dangerous to life, limb, or property, *and punishable by imprisonment for more than one year,* designated in any applicable State statute authorizing such interception, or any conspiracy to commit any of the foregoing offenses. [Emphasis added.]

Appellant relies on the italicized language for the proposition that only state felonies provide an acceptable basis for issuing interception orders.

In a well-reasoned memorandum opinion denying the motion to suppress, Judge Schatz wrote:

The basic question is one of statutory interpretation. Section 2516 permits wiretaps to be authorized for investigations of several enumerated crimes, including gambling, 'or other crimes dangerous to life, limb or property, and punishable by imprisonment for more than one year.' If the last clause applies to each of the enumerated crimes the statute must be limited to felony investigations as defendant contends. However, the legislative history of the act clearly indicates that this is not the case.

The interception of wire or oral communications by state law enforcement officers could only be authorized when it might provide, or has provided, evidence of designated offenses . . . Specifically designated offenses include murder, kidnapping, *gambling,* robbery, bribery, extortion or dealing in narcotic drugs, marihuana or other dangerous drugs. *All other crimes designated in the state statute* (permitting the interception of communications) would have to be 'dangerous to life, limb or property, and punishable by imprisonment for more than one year.' This limitation is designed to exclude such offenses as fornication and adultery which do not involve danger to

---

2. The statute provides:

Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in

or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

life, limb or property. [Emphasis added.] 1968 U.S.Code, Cong. & Ad. News 2187.

The purpose of the statute is to permit the use of wiretaps as an investigative technique in combatting inherently serious crimes and those typically involving elements of organized crime. Use of wiretaps for investigation of other crimes is limited to felonies, but there is nothing in the legislative history to suggest that this restriction should apply to the enumerated crimes which include gambling. *See United States v. Carubia,* 377 F.Supp. 1099, 1104–05 (E.D.N.Y.1974).

We adopt Judge Schatz's analysis.

The order of revocation is affirmed.