THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DANIEL N. GRUBB, Defendant-Appellee.

Fourth District    No. 4—85—0725

Opinion filed May 21, 1986.

Gerald G. Dehner, State's Attorney, of Lincoln (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Roger W. Thompson, of Lincoln, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

On December 10, 1984, pursuant to a plea agreement, defendant pleaded guilty in the circuit court of Logan County to the offense of resisting a peace officer in violation of section 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 31—1). Defendant was sentenced to a one-year term of court supervision and was ordered to pay a fine of $200 and court costs of $76.80.

On July 4, 1985, defendant was arrested and charged with the offense of unlawful possession of cannabis. (Ill. Rev. Stat. 1983, ch. 56½, par. 704(b).) Thereafter the State filed a petition to revoke defendant's supervision. Prior to a hearing on the supervision revocation, defend-

ant moved to suppress the evidence seized at the time of his arrest on the ground that it was the fruit of an illegal search and seizure. In reply the State argued that, irrespective of the propriety of the search and seizure, the fourth amendment's exclusionary rule was not applicable in supervision revocation proceedings. Following a hearing, the circuit court determined that the exclusionary rule was applicable in such proceedings and, finding the evidence was obtained unlawfully, granted defendant's motion to suppress. The State now appeals.

■■ ■ The sole issue presented for our review is whether the exclusionary rule applies in supervision revocation proceedings.

The exclusionary rule was adopted "to effectuate the Fourth Amendment right of all citizens 'to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures ***.' Under this rule, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search.and seizure." *United States v. Calandra* (1974), 414 U.S. 338, 347, 38 L. Ed. 2d 561, 571, 94 S. Ct. 613, 619.

The purpose of the rule is to deter future unlawful police conduct and preserve judicial integrity. (*Elkins v. United States* (1960), 364 U.S. 206, 217, 4 L. Ed. 2d 1669, 1677, 80 S. Ct. 1437, 1444; *People v. Dowery* (1975), 62 Ill. 2d 200, 340 N.E.2d 529.) Despite the rule's broad deterrent purpose, it has never been interpreted to "proscribe the use of illegally seized evidence in all proceedings or against all persons." (*Brown v. Illinois* (1975), 422 U.S. 590, 600, 45 L. Ed. 2d 416, 425, 95 S. Ct. 2254, 2260.) To determine whether the exclusionary rule should be extended to a certain proceeding, courts have applied a balancing test (*United States v. Janis* (1976), 428 U.S. 433, 49 L. Ed. 2d 1046, 96 S. Ct. 3021), limiting the application of the rule "to those areas where its remedial objectives are thought most efficaciously served" (*People v. Calandra* (1974), 414 U.S. 338, 348, 38 L. Ed. 2d 561, 571, 94 S. Ct. 613, 620; *People v. Dowery* (1975), 62 Ill. 2d 200, 204, 340 N.E.2d 529, 531). Thus, evidence seized in violation of the fourth amendment must be excluded from the prosecution's case in chief at a criminal trial. (*People v. Scalisi* (1926), 324 Ill. 131, 154 N.E. 715; *People v. Dalpe* (1939), 371 Ill. 607, 21 N.E.2d 756.) However, Illinois and the majority of other jurisdictions have held that the fourth amendment's exclusionary rule is not applicable to probation revocation proceedings or qualitatively comparable proceedings to revoke parole. See *People v. Dowery* (1975), 62 Ill. 2d 200, 205, 340 N.E.2d 529, 531, and cases cited therein.

While courts have been called upon to address the applicability of the exclusionary rule in a variety of settings, neither the Illinois Su-

preme Court nor United States Supreme Court has yet to address the precise issue before this court, *i.e.*, whether that rule is applicable in supervision revocation proceedings. Defendant contends the recent United States Supreme Court decision, *Immigration & Naturalization Service v. Lopez-Mendoza* (1984), 468 U.S. 1032, 82 L. Ed. 2d 778, 104 S. Ct. 3479, is instructive on this issue. The *Lopez-Mendoza* court determined that the exclusionary rule does not apply in civil deportation hearings held by the Immigration and Naturalization Service. In reaching its determination, the court utilized the balancing test set forth in *United States v. Janis* (1976), 428 U.S. 433, 49 L. Ed. 2d 1046, 96 S. Ct. 3021. The court weighed the likely social benefits of excluding unlawfully seized evidence against the likely costs. The court reasoned:

> "On the benefit side of the balance 'the "prime purpose" of the [exclusionary] rule, if not the sole one, "is to deter future unlawful police conduct." ' [Citations.] On the cost side there is the loss of often probative evidence and all of the secondary costs that flow from the less accurate or more cumbersome adjudication that therefore occurs." (*Immigration & Naturalization Service v. Lopez-Mendoza* (1984), 468 U.S. 1032, 1041, 82 L. Ed. 2d 778, 787, 104 S. Ct. 3479, 3486.)

It concluded that, on balance, this cost outweighed the likely social benefits achievable through application of the exclusionary rule in the Federal civil proceeding. It is the defendant's position that the utilization of this balancing test in the instant case will require the application of the exclusionary rule to supervision revocation proceedings. We disagree.

Our supreme court in *People v. Dowery* (1975), 62 Ill. 2d 200, 340 N.E.2d 529, utilized this balancing test in determining that the exclusionary rule does not apply in probation revocation proceedings. The *Dowery* court determined that evidence obtained in violation of the fourth amendment, while normally inadmissible under the exclusionary rule, is not patently untrustworthy and is admissible in a revocation hearing because all reliable evidence should be available to the hearing judge to gauge a defendant's rehabilitative effort. In reaching its determination the *Dowery* court stated:

> "The grant of probation was imposed upon defendant in the present case after the trial court's consideration that he was not likely to commit another offense; that his rehabilitation would be advanced by probation; and, that the public interest would be served by such disposition. *** During a revocation hearing the interests of society must be amply considered. [Citations.] Merely because there may exist a technical deficiency in police

conduct, a trial court should not be forced to release a defendant and return him to a probationary status where there is patent evidence of a serious probation violation." 62 Ill. 2d 200, 206, 340 N.E.2d 529, 532.

Furthermore, the court considered the "significant dissimilarities" between a probation revocation hearing and a criminal trial. (*People v. Dowery* (1975), 62 Ill. 2d 200, 204, 340 N.E.2d 529, 531.) A probation revocation proceeding is not a criminal adjudication. It does not determine guilt or innocence of the accused. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756; *People v. Beard* (1973), 15 Ill. App. 3d 663, 304 N.E.2d 707, *aff'd* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999.) Hence, the same stringent requirements traditionally embodied in the usual prosecution for crime are not required in a revocation proceeding as it is not considered a stage of the criminal prosecution. *People v. Beard* (1973), 15 Ill. App. 3d 663, 304 N.E.2d 707; *People v. Reese* (1976), 37 Ill. App. 3d 820, 347 N.E.2d 451.

The *Dowery* court's discussion was limited to the inapplicability of the exclusionary rule in probation revocation proceedings. However, we see no distinctions between supervision revocation proceedings and probation revocation proceedings which would warrant different procedural safeguards. Section 5—6—4 of the Unified Code of Corrections outlines the procedure to be utilized by the trial court in conducting hearings on violations of probation, conditional discharge, and supervision. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4.) That section sets forth, *inter alia*, the notice requirements; the time limitations and procedural rules for conducting revocation hearings; the State's burden of proving a violation by a preponderance of the evidence; the defendant's basic due process rights; and the dispositions permitted upon a finding that the defendant has violated a condition. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4.) Hence, there are no qualitative distinctions between proceedings to revoke probation, conditional discharge, or court supervision which would require the application of different procedural safeguards. We therefore believe that the reasoning of *Dowery* controls the present situation, and conclude that the exclusionary rule is generally inapplicable in supervision revocation proceedings.

We note that the court in *Dowery* observed:

"The only reservation expressed by several courts in denying applicability of the 'exclusionary rule' to a revocation proceeding might occur in situations where police harassment of probationers is demonstrated. [Citations.]" (*People v. Dowery* (1975), 62 Ill. 2d 200, 206, 340 N.E.2d 529, 532.)

826

In order for a probationer to bring himself within the parameters of this exception, he must in a motion to suppress, allege not only the illegality of the search and seizure but also that it was the result of police harassment. (*People v. Watson* (1979), 69 Ill. App. 3d 497, 387 N.E.2d 849.) Without the essential allegation and proof, the sole basis for considering whether harassment justifies extension of the exclusionary rule to revocation proceedings never arises. (*People v. Knight* (1978), 58 Ill. App. 3d 651, 374 N.E.2d 1045.) In the case at bar, defendant's motion to suppress alleged no facts supporting a claim of police harassment. Nor was any such evidence adduced at the suppression hearing. Accordingly, the motion was insufficient to raise the possibility that the exclusionary rule may have been applicable.

For these reasons, the order of the circuit court of Logan County granting defendant's motion to suppress is vacated and the cause is remanded for a hearing on the petition to revoke defendant's supervision.

Order vacated; cause remanded.

GREEN and MORTHLAND, JJ., concur.