THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TROY E. BROWN, Defendant-Appellant.

Fourth District   No. 4—87—0821

Opinion filed July 7, 1988.

McCULLOUGH, J., specially concurring.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On January 2, 1987, defendant Troy Brown was arrested in Champaign County for the offense of armed robbery in violation of section 18—2 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 18—2) and indicted in case No. 87—CF—10. On February 5, 1987, defendant was charged in the instant case (87—CF—46) with the offense of residential burglary in violation of section 19—3 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 19—3) for an incident which occurred approximately 20 minutes prior to that alleged in case No. 87—CF—10. On April 6, 1987, the circuit court granted

defendant's motion to quash his arrest and suppress evidence seized in case No. 87—CF—10.

On June 2, defendant pleaded guilty in the present case to the included offense of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1) and was placed on 18 months' probation. On October 2, the court revoked defendant's probation for various and sundry curfew violations. At the resentencing hearing on November 2, the State asked the court to take judicial notice of the file in case No. 87—CF—10 and allow testimony of the victim in that incident for purposes of aggravation. The court allowed this over defendant's objection. Defendant was sentenced to six years' imprisonment on the burglary conviction. Defendant filed this appeal.

On November 12, 1987, we reversed the order of the court suppressing the evidence in case No. 87—CF—10. (*People v. Brown* (1987), 162 Ill. App. 3d 528, 515 N.E.2d 1285.) On April 7, 1988, the Illinois Supreme Court denied defendant's petition for leave to appeal in that case. On May 25, 1988, the supreme court stayed its mandate to allow defendant to apply for *certiorari* to the United States Supreme Court. That application has not yet been resolved.

■ Defendant's sole contention is that since the exclusionary rule should apply to probation revocation proceedings, the court erred by allowing illegally seized evidence from a collateral case to be used at the sentencing hearing. The State asserts this point is moot since the suppression order was reversed. Since the application for *certiorari* is still pending before the United States Supreme Court, we cannot agree with the State that the point is moot. Neither can we agree with defendant that the admission of the evidence is improper.

■ In *People v. Dowery* (1975), 62 Ill. 2d 200, 340 N.E.2d 529, the supreme court held that the exclusionary rule was not applicable to probation revocation proceedings for violations of a defendant's fourth amendment rights against an improper search except in cases of police harassment. In *People v. Grubb* (1986), 143 Ill. App. 3d 822, 493 N.E.2d 699, we extended this holding to supervision revocation proceedings. Justice Spitz, writing for the court, clearly and concisely explained *Dowery* where he stated:

"Our supreme court in *People v. Dowery* (1975), 62 Ill. 2d 200, 340 N.E.2d 529, utilized this balancing test [set forth in *United States v. Janis* (1976), 428 U.S. 433, 49 L. Ed. 2d 1046, 96 S. Ct. 3021] in determining that the exclusionary rule does not apply in probation revocation proceedings. The *Dowery* court determined that evidence obtained in violation of

the fourth amendment, while normally inadmissible under the exclusionary rule, is not patently untrustworthy and is admissible in a revocation hearing because all reliable evidence should be available to the hearing judge to gauge a defendant's rehabilitative effort. In reaching its determination the *Dowery* court stated:

'The grant of probation was imposed upon defendant in the present case after the trial court's consideration that he was not likely to commit another offense; that his rehabilitation would be advanced by probation; and, that the public interest would be served by such disposition. *** During a revocation hearing the interests of society must be amply considered. [Citations.] Merely because there may exist a technical deficiency in police conduct, a trial court should not be forced to release a defendant and return him to a probationary status where there is patent evidence of a serious probation violation.' 62 Ill. 2d 200, 206, 340 N.E.2d 529, 532.

Furthermore, the court considered the 'significant dissimilarities' between a probation revocation hearing and a criminal trial. (*People v. Dowery* (1975), 62 Ill. 2d 200, 204, 340 N.E.2d 529, 531.) A probation revocation proceeding is not a criminal adjudication. It does not determine guilt or innocence of the accused. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756; *People v. Beard* (1973), 15 Ill. App. 3d 663, 304 N.E.2d 707, *aff'd* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999.) Hence, the same stringent requirements traditionally embodied in the usual prosecution for crime are not required in a revocation proceeding as it is not considered a stage of the criminal prosecution. *People v. Beard* (1973), 15 Ill. App. 3d 663, 304 N.E.2d 707; *People v. Reese* (1976), 37 Ill. App. 3d 820, 347 N.E.2d 451.'' (*Grubb*, 143 Ill. App. 3d at 824-25, 493 N.E.2d at 701.)

Thus, even though the present case deals with evidence presented at sentencing after revocation rather than at the revocation hearing, it appears at first blush *Dowery* is dispositive of this case.

■ While defendant acknowledges the *Dowery* holding, he asserts that recent trends in decisions require a different result. However, it is well settled that where the supreme court has declared the law on any point, it alone can overrule and modify its previous opinion, and the circuit courts are bound by such decision, and it is the

duty of such courts to follow the decision in similar cases. (*Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27, 116 N.E.2d 863, 867.) This is true irrespective of contentions that the decision is erroneously decided (*Panchinsin v. Enterprise Cos.* (1983), 117 Ill. App. 3d 441, 444, 453 N.E.2d 797, 800), and notwithstanding the trend in judicial decisions elsewhere and the fact that the decision represents the minority view (14 Ill. L. & Prac. *Courts* §82 (1968)). Accordingly, short of a United States Supreme Court opinion directly on point, we are bound by our supreme court holding in *Dowery*.

Further, we fail to find this asserted trend requires a change. Defendant cites three Federal cases which he asserts question or change previous decisions which the *Dowery* court partially relied on. However, in *Egerstaffer v. Israel* (7th Cir. 1984), 726 F.2d 1231, and *United States v. Frederickson* (8th Cir. 1978), 581 F.2d 711, the courts simply noted the question was raised but decided the cases on other grounds. This is hardly a repudiation of the holdings in *United States v. Hill* (7th Cir. 1971), 447 F.2d 817, and *United States v. Frederickson* (8th Cir. 1978), 581 F.2d 711, upon which the *Dowery* court relied and which our research indicates are still good law.

In *United States v. Rea* (2d Cir. 1982), 678 F.2d 382, the court held that evidence illegally seized by a probation officer could not be used in a probation revocation proceeding. This court distinguished its previous holding in *United States ex rel. Sperling v. Fitzpatrick* (2d Cir. 1970), 426 F.2d 1161, upon which the *Dowery* court relied. However, the facts in *Rea* would most likely fit under police harassment in *Dowery*, and the evidence would be suppressed. The general holding in *Fitzpatrick* is still valid.

Our supreme court at the time it decided *Dowery* acknowledged there was a split among the jurisdictions. This is still true. Our review has ascertained that every case the supreme court relied on in *Dowery* is still valid law in its respective jurisdiction.

Accordingly, since the supreme court has ruled on the question, and the law it relied on is still valid, what at first blush appeared controlling is, in fact, so.

Affirmed.

KNECHT, J., concurs.

JUSTICE McCULLOUGH, specially concurring:
The exclusionary rule should not be applied to sentencing hear-

ings. As pointed out in *Dowery* and *Grubb*, the fourth amendment's exclusionary rule is not applicable to probation revocation proceedings or qualitatively comparable proceedings to revoke probation. More important, in the instant case, we are not dealing with a probation revocation proceeding, but only with a sentencing hearing.

In *People v. La Pointe* (1981), 88 Ill. 2d 482, 496, 431 N.E.2d 344, 350, it is stated:

> "[T]he Supreme Court has repeatedly affirmed the 'fundamental sentencing principle' that 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.' "

Also in *La Pointe*, the supreme court, quoting from *Williams v. New York* (1949), 337 U.S. 241, 247, 93 L. Ed. 1337, 1342, 69 S. Ct. 1079, 1083, stated:

> " '[M]odern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial.' " (*La Pointe*, 88 Ill. 2d at 497, 431 N.E.2d at 351.)

The fourth amendment should protect the defendant's rights only when the objective in obtaining the evidence by the police is to enhance the defendant's sentence and, second, where the police engage in outrageous constitutional violations. Neither of these exceptions is applicable here.

The supreme court's decision in *Dowery*, stating that the fourth amendment exclusionary rule does not apply in revocation proceedings, makes it clearly evident that it would not apply in a sentencing proceeding. The defendant's rights were protected because he was given the opportunity to confront the witness presented against him.