# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1514

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Kenneth Archambeau, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 8, 1998
Filed: September 14, 1998

_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In 1993, Kenneth Archambeau pleaded guilty to aiding and abetting an assault with a dangerous weapon while carrying a firearm, in violation of 18 U.S.C. §§ 924(c) and 2, and was sentenced to 60 months imprisonment and three years supervised release. The conditions of supervised release required, among other things, that Archambeau (1) not commit any federal, state or local crime; (2) follow the instructions of his probation officer; (3) notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer; and (4) not consume alcoholic beverages. In November 1997, Archambeau's probation officer petitioned for revocation of Archambeau's supervised release on the ground that Archambeau

violated these conditions. The district court[1] granted the petition and sentenced Archambeau to 7 months in prison and two years supervised release. On appeal Archambeau raises two related arguments: (1) the government failed to show by a preponderance of the evidence that the tribal authorities who arrested Archambeau for reckless driving and disorderly conduct actually had the authority to do so in light of <u>South Dakota v. Yankton Sioux Tribe</u>, 118 S. Ct. 789 (1998); and (2) but for the illegal arrests the government could not have obtained the evidence necessary to revoke Archambeau's supervised release.

We reject any suggestion that the district court was precluded from using against Archambeau the information flowing from his alleged illegal arrests in determining whether to revoke supervised release. <u>See</u> <u>United States v. Montez</u>, 952 F.2d 854, 857-58 (5th Cir. 1992) (holding that exclusionary rule, absent showing of harassment, does not apply at revocation-of-supervised-release hearings); <u>cf.</u> <u>United States v. Fredrickson</u>, 581 F.2d 711, 713 (8th Cir. 1978) (per curiam) (exclusionary rule is inapplicable to federal probation revocation hearings).

Moreover, after considering the evidence as a whole, we are satisfied it was sufficient to permit the district court to find by a preponderance of the evidence that Archambeau violated the conditions of his supervised release. <u>See</u> 18 U.S.C. § 3583(e)(3) (court may revoke defendant's supervised release if court finds by preponderance of evidence that defendant violated supervised release condition); <u>United States v. Noland</u>, 960 F.2d 1384, 1390-91 (8th Cir. 1992) (district court's factual findings are to be accepted as true unless clearly erroneous with due regard being given to opportunity of court to judge credibility of witnesses.)

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, adopting the report and recommendation of the Honorable Mark F. Marshall, United States Magistrate Judge for the District of South Dakota.

Archambeau raises several issues pro se, including a contention that he should have been sentenced by the same judge who originally sentenced him. After careful consideration, we reject this argument, cf. United States v. Makes Room For Them, 49 F.3d 410, 415 (8th Cir. 1995) (defendant need not be sentenced by same judge who presided at trial of case), as well as the other pro se arguments. We also deny Archambeau's motion for appointment of new counsel.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.