NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180249-U

NO. 4-18-0249

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 2, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| TORI A. STARKS, | ) | No. 05CF1654 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the trial court properly denied
defendant's request for leave to file a successive postconviction petition where
defendant failed to satisfy the cause-and-prejudice test.

¶ 2    In November 2017, defendant, Tori A. Starks, filed a motion for leave to file a

successive postconviction petition, which the trial court denied in February 2018.

¶ 3    Defendant appeals, acknowledging he cannot show cause, but requesting we

remand for further proceedings as to the constitutionality of his sentence in the interests of

justice. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5    In August 2005, defendant was charged with armed robbery "while armed with a

dangerous weapon, a baseball bat," a Class X felony (720 ILCS 5/18-2(a)(1) (West 2004)). In

February 2006, defendant pleaded guilty. Defendant was eligible for extended-term sentencing due to a 2001 armed robbery conviction and, in March 2006, the trial court sentenced him to a term of 40 years' imprisonment.

¶ 6        In March 2006, defendant filed a motion to reconsider sentence, arguing his sentence was excessive. The trial court denied defendant's motion, and this court affirmed. See *People v. Starks*, 377 Ill. App. 3d 1163 (2008) (table) (unpublished order under Supreme Court Rule 23).

¶ 7        In October 2012, defendant filed his first postconviction petition pursuant to section 122-1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 (West 2010)). In his petition, defendant asserted due process rights violations, ineffective assistance of counsel, and disparate sentencing. The trial court appointed counsel, who filed an amended petition. During second stage proceedings, the court dismissed defendant's petition on the State's motion, finding the petition untimely. Defendant appealed, claiming his postconviction counsel rendered ineffective assistance by failing to address the timeliness issue in the amended petition. This court vacated the dismissal and remanded for compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). See *People v. Starks*, 2015 IL App (4th) 130673-U.

¶ 8        On remand, newly appointed counsel filed a supplemental postconviction petition addressing the timeliness issue and a certification pursuant to Rule 651(c). On the State's motion, the trial court again dismissed defendant's petition as untimely. Defendant appealed.

¶ 9        On appeal, defendant claimed, for the first time, his sentence violated the proportionate penalties clause. Defendant argued the armed robbery statute (720 ILCS 5/18-2(a)(1) (West 2004)) was facially unconstitutional as violative of the proportionate penalties clause when compared to the armed violence statute (720 ILCS 5/33A-2(a) (West 2004)).

Defendant acknowledged *People v. Hernandez*, 2016 IL 118672, ¶ 16, 51 N.E.3d 794, precluded his facially constitutional challenge where the supreme court determined the two statutes do not have identical elements, but he claimed this court could consider an as-applied constitutional challenge. This court determined defendant forfeited his as-applied challenge by raising it for the first time on appeal. See *People v. Starks*, 2017 IL App (4th) 160469-U.

¶ 10          In November 2017, defendant filed a motion for leave to file a successive postconviction petition pursuant to section 122-1(f) of the Act and attached his proposed successive petition. In his proposed successive petition, defendant claimed his sentence violated the proportionate penalties clause.

¶ 11          In his motion for leave to file his proposed successive petition, defendant asserted he was unable to include the claim in his earlier petition as he "believed that his sentence was legally standing" and was "only recently made aware of his constitutional violation on appeal through his appellate counsel."

¶ 12          In February 2018, the trial court entered a written order denying defendant's motion for leave to file a successive postconviction petition. Specifically, the court found the issue defendant sought to raise was "not new or based on any intervening change in the law or new facts outside the record." Additionally, the court found defendant "attribute[d] the delay [in filing] to the fact that he was unaware of the proportionate penalties claim he wishe[d] to raise. Ignorance of the law does not establish cause for not filing in a timely manner."

¶ 13          This appeal followed.

¶ 14                              II. ANALYSIS

¶ 15          The Act provides a means to collaterally attack a criminal conviction based on a substantial denial of a defendant's state or federal constitutional rights. *People v. Hodges*, 234 Ill.

2d 1, 9, 912 N.E.2d 1204, 1208 (2009). The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456, 793 N.E.2d 609, 619 (2002). Any claim not raised in the original or amended petition is forfeited. 725 ILCS 5/122-3 (West 2016). Accordingly, a defendant must obtain leave from the court in order to file a successive petition under the Act. *Id.* § 122-1(f).

¶ 16        To obtain leave to file a successive postconviction petition, a defendant must either (1) show cause and prejudice for the failure to raise a claim in his or her earlier petition or (2) set forth a colorable claim of actual innocence. *People v. Edwards*, 2012 IL 111711, ¶¶ 22-24, 969 N.E.2d 829; 725 ILCS 5/122-1(f) (West 2016). This court reviews the trial court's denial of leave to file a successive petition *de novo*. *People v. Wilson*, 2014 IL App (1st) 113570, ¶ 31, 19 N.E.3d 142.

¶ 17        To demonstrate cause, a defendant must identify "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." (Internal quotation marks omitted.) *Id.* ¶ 33. All citizens are charged with knowledge of the law, and our supreme court has held that subjective ignorance of the law is not an objective factor constituting cause for a defendant's failure to raise a constitutional claim in his initial postconviction petition. *People v. Evans*, 2013 IL 113471, ¶ 13, 989 N.E.2d 1096; see also *People v. Jones*, 2013 IL App (1st) 113263, ¶ 25, 3 N.E.3d 891 ("Merely failing to recognize your claim cannot be an objective factor external to the defense that prevents one from bringing the claim in the initial postconviction petition."). Finally, prejudice is "an error that so infected the entire trial that the resulting conviction or sentence violates due process." *Pitsonbarger*, 205 Ill. 2d at 464. If the defendant fails to show cause and prejudice, the court will excuse defendant's failure if necessary to prevent a fundamental miscarriage of justice. *Id.* at 459.

Historically, a fundamental miscarriage of justice is demonstrated by a showing of actual innocence. *Id.*

¶ 18    Here, defendant admits he cannot show "traditional cause" under the cause-and-prejudice test. Defendant also makes no claim of actual innocence. Instead, defendant asks us to "relax the rules of forfeiture" to advance his petition in the "interests of justice," arguing forfeiture and waiver are merely an "administrative convenience." Defendant cites *People v. Bailey*, 159 Ill. 2d 498, 506, 539 N.E.2d 1278, 1282 (1994), for the proposition that "[t]he goals of obtaining a just result and maintaining a sound body of precedent may sometimes override considerations of waiver."

¶ 19    The requirements for overcoming forfeiture for postconviction claims are included in the Act. See 725 ILCS 5/122-1(f) (West 2016). Our supreme court has held that "[w]here *** the death penalty is not involved and the defendant makes no claim of actual innocence, Illinois law *prohibits* the defendant from raising an issue in a successive postconviction petition unless the defendant can establish a legally cognizable cause for his or her failure to raise that issue in an earlier proceeding and actual prejudice would result if defendant were denied consideration of the claimed error." (Emphasis added.) *People v. Brown*, 225 Ill. 2d 188, 206, 866 N.E.2d 1163, 1173 (2007). Thus, where our supreme court has chosen to limit the granting of leave to file a successive postconviction petition to the cause-and-prejudice test requirement of section 122-1(f) and to claims of actual innocence, this court is bound by that decision. See *id.* at 206-07; *People v. Brown*, 171 Ill. App. 3d 500, 503-04, 525 N.E.2d 1228, 1230 (1988).

¶ 20    As we are bound by supreme court precedent to require defendant to show cause for leave to file his successive postconviction petition, and defendant admits he cannot do so, we

find the trial court properly dismissed defendant's petition for leave to file his successive postconviction petition for failure to satisfy the cause-and-prejudice test.

¶ 21                                     III. CONCLUSION

¶ 22          For the reasons stated, we affirm the trial court's judgment.

¶ 23          Affirmed.