F I L E D
United States Court of Appeals
Tenth Circuit

APR 8 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 97-3035 |
| v. | (D. Kansas) |
| ELLIOTT SYLVESTER THURMOND, | (D.C. No. 96-40052-01-DES) |
| Defendant - Appellant. | |

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **BRISCOE**, Circuit Judges.

Defendant Elliott Sylvester Thurmond pleaded guilty to two counts of armed robbery, in violation of 18 U.S.C. § 2113(d), and one count of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Enhancing his offense level for obstruction of justice, see U.S.S.G. § 3C1.1, the district court sentenced Mr. Thurmond to a prison term of 157 months.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Thurmond appeals his sentence, contending that the evidence supporting the enhancement for obstruction of justice was obtained in violation of his Sixth Amendment right to counsel.

The facts are not disputed. On April 5, 1996, Mr. Thurmond was arrested pursuant to an indictment charging him with two firearms violations (the "firearms charges"). At his detention hearing, defense counsel learned that Mr. Thurmond was being investigated in connection with the bank robberies that are the subject of the convictions in this appeal (which, for simplicity, we will refer to as the "bank robbery charges" even though this group of charges also included other charges related to firearms). The firearms and bank robbery charges did not arise out of the same or related conduct.

Sometime after the detention hearing, it became clear that Mr. Thurmond would be indicted on the bank robbery charges; so, on May 1, he instructed counsel to initiate plea negotiations relating to the as-yet-uncharged bank robberies. On May 3, defense counsel began plea negotiations on the bank robbery charges, although no formal agreement was worked out. Defense counsel next met with Mr. Thurmond on May 6, to discuss the plea negotiations, plea colloquy, and sentencing guidelines. However, at the May 6 meeting, Mr. Thurmond instructed counsel to discontinue plea negotiations on the bank robbery charges. Mr. Thurmond was indicted on these charges on July 24, 1996, and

eventually pleaded guilty pursuant to a plea agreement in which the government agreed to dismiss the firearms charges. The district court accepted the plea.

The reason Mr. Thurmond originally canceled plea negotiations was that he was planning to hire illegal aliens to perjure themselves by confessing to both the firearms charges and the bank robbery charges. As the Presentence Report ("PSR") notes, while Mr. Thurmond was in custody on the firearms charge, he discussed this plan with his cellmate, who became a government informant and who arranged several phone calls between Mr. Thurmond and an undercover Kansas Bureau of Investigation ("KBI") agent to discuss the plan. R. Vol. IV at 7. Mr. Thurmond also sent money on two occasions to the KBI agent to facilitate the plan. Id. The PSR recommended that Mr. Thurmond's plan to hire the illegal aliens be considered obstruction of justice and that his offense level be increased by two levels as a result. Over Mr. Thurmond's objection, the district court agreed.

On appeal, Mr. Thurmond does not challenge the court's determination that his conduct amounted to obstruction of justice. He contends instead that by obtaining evidence of the obstruction through the informant, the government violated his Sixth Amendment right to counsel. Arguing that his right to counsel had clearly attached with regard to the firearms charges on which he had been indicted, and for which he had been taken into custody, he claims that his right to

counsel also attached to any uncharged misconduct—*i.e.,* the bank robbery

charges—which could affect his sentence. He further argues that his right to

counsel on the bank robbery charges had attached because he had already begun

plea negotiations on these charges, even though he had not yet been indicted on

them. Implicit in both arguments is his claim that the government deliberately

elicited incriminating information from him through the informant, see, e.g.,

United States v. Henry, 447 U.S. 264, 270-75 (1980); United States v. Johnson,

4 F.3d 904, 910 (10th Cir. 1993), a claim the government does not dispute.[1] Both

arguments raise a legal issue that we review de novo. See United States v.

Shumway, 112 F.3d 1413, 1426 (10th Cir. 1997).

The Sixth Amendment right to counsel generally attaches "at or after the

initiation of adversary judicial criminal proceedings—whether by way of formal

charge, preliminary hearing, indictment, information, or arraignment." McNeil v.

Wisconsin, 501 U.S. 171, 175 (1991) (quotations omitted); see also United States

v. Baez-Acuna, 54 F.3d 634, 637 (10th Cir. 1995). Once this right attaches and

the defendant properly invokes the right by retaining or requesting counsel, see

id., the government may not "knowingly circumvent[] the accused's right to have

counsel present in a confrontation between the accused and a state agent." Maine

---

[1]We note, however, that Mr. Thurmond makes no entrapment argument.

-4-

v. Moulton, 474 U.S. 159, 176 (1985); see also Michigan v. Jackson, 475 U.S. 625, 636 (1986).

Ordinarily, the remedy for a violation of a defendant's Sixth Amendment right to counsel is the exclusion at trial of any improperly obtained evidence. See, e.g., Massiah v. United States, 377 U.S. 201, 207 (1964). Here, however, the evidence was used not at trial, but at sentencing. Consistent with other circuits, we have held that the exclusionary rule generally does not apply to exclude improperly obtained evidence at sentencing, at least so long as there is no indication the evidence was illegally obtained to secure an increased sentence. See United States v. Jessup, 966 F.2d 1354, 1356-57 (10th Cir. 1992); United States v. Graves, 785 F.2d 870, 873-76 (10th Cir. 1986); accord United States v. Jenkins, 4 F.3d 1338, 1344-45 (6th Cir. 1993); United States v. Tejada, 956 F.2d 1256, 1260-63 (2d Cir. 1992).

Mr. Thurmond does not contend that the government obtained the evidence to enhance his sentence, nor does he question the government's explanation that its purpose for using the informant was to discover the identities of two other suspects in the bank robberies and the location of the proceeds. See Appellant's Br. at 4. Therefore, even if we assumed, *arguendo*, that Mr. Thurmond's Sixth Amendment right to counsel on the bank robbery charges is one which applies to the use of uncharged conduct at sentencing, and that such right had attached, and

that the government's conduct therefore violated that right (issues which we find unnecessary to resolve in this case), we would still find no basis to exclude the resulting evidence at sentencing. Accordingly, we conclude that the district court did not err in enhancing Mr. Thurmond's sentence for obstruction of justice based on the information obtained through the informant.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge