In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2827

United States of America,

Plaintiff-Appellee,

v.

Biliki Brimah,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 CR 43--Milton I. Shadur, Judge.

Argued February 23, 2000--Decided May 26, 2000

Before Flaum, Kanne, and Diane P. Wood, Circuit
Judges.

Flaum, Circuit Judge.  The defendant Biliki
Brimah was convicted and sentenced on one count
of distribution of heroin in violation of 21
U.S.C. sec. 841(a)(1). The defendant now appeals,
arguing that the district court erred in failing
to apply the exclusionary rule at sentencing to
bar the introduction of evidence that the
district court determined was seized in violation
of the Fourth Amendment prohibition against
unreasonable searches and seizures. For the
reasons stated herein, we affirm the decision of
the district court.

I.  Facts

     On January 19, 1998, the defendant sold 100
grams of heroin to a cooperating witness of the
FBI. Subsequent to this controlled sale, the FBI
sought a search warrant for the defendant's
condominium unit. The search warrant covered both
the condominium and the defendant's storage
locker in the basement of the building. While
performing the search of the storage locker, the
FBI looked inside an air conditioner box located
next to the defendant's locker and found a black
bag belonging to the defendant containing 443
grams of heroin. At trial, the district court
granted the defendant's motion to suppress the

443 grams of heroin seized from the basement, having found that the FBI's warrant did not cover the air conditioner box in which the black bag was discovered.

On February 12, 1999, a jury found the defendant guilty of distribution of heroin based upon the 100 grams of that drug the defendant sold to the FBI's cooperating witness. Prior to sentencing, the Probation Office issued a Presentence Report that included as relevant conduct the 443 grams of illegally-seized heroin. The defendant objected to the Presentence Report, arguing that the exclusionary rule should bar the inclusion of the 443 grams of heroin deemed inadmissible at trial. The district court denied this objection and, based on an offense level of twenty-eight, sentenced the defendant to eighty-one months in prison and four years of supervised release. The defendant now appeals that sentence.

II.  Analysis

The defendant challenges the district court's refusal to apply the exclusionary rule at sentencing to bar the consideration of 443 grams of heroin illegally seized by the FBI. In making this challenge, the defendant concedes that under traditional sentencing principles, the district court would be free to consider illegally-seized evidence at sentencing as long as that evidence was reliable. See United States v. Tucker, 404 U.S. 443, 446 (1972) ("[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come."); Williams v. New York, 337 U.S. 241, 246 (1949) (stating that historically courts had "wide discretion in the sources and types of evidence used to assist . . . in determining the kind and the extent of punishment to be imposed within limits fixed by law"); United States v. Lynch, 934 F.2d 1226, 1235 (11th Cir. 1991) ("The only limitation on the sentencing judge's broad inquiry was that the information he considered be reliable.") (citing Townsend v. Burke, 334 U.S. 736 (1948)). Although recognizing this broad sentencing discretion as an historical matter, the defendant argues that the discretion of trial courts to consider all relevant and reliable information should now be limited in light of the enactment of the Sentencing Guidelines.

In response to the defendant's argument, the government relies heavily on 18 U.S.C. sec. 3661 of the Sentencing Guidelines, which provides that: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense

which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."/1 While this provision appears to codify traditional sentencing principles and admits of no exceptions on its face, the defendant correctly points out that a sentencing judge's discretion is not unlimited in scope. See, e.g., U.S.S.G. sec. 5H1.1-1.6 (stating that "age," "education and vocational skills," "mental and emotional conditions," "physical condition," "employment record," and "family ties and responsibilities, and community ties" are not "ordinarily relevant" in sentencing determinations); U.S.S.G. sec. 5H1.10 ("[Race, sex, national origin, creed, religion, and socio-economic status] are not relevant in the determination of a sentence."). In attempting to show that the broad grant of discretion under 18 U.S.C. sec. 3661 is implicitly limited by Fourth Amendment principles, the defendant points to Section 1B1.4 of the Sentencing Guidelines, which states that all relevant evidence may be considered by a sentencing judge except information "otherwise prohibited by law." U.S.S.G. sec. 1B1.4. The defendant contends that the exclusionary rule is a legal principle that otherwise prohibits the consideration at sentencing of evidence seized in violation of the Fourth Amendment./2

The defendant relies heavily on three concurring opinions, including one from this Circuit, that argued forcefully that the exclusionary rule should apply at sentencing hearings, asserting that if the exclusionary rule is not applied at sentencing "the constitutional ban on unreasonable searches and seizures will become a parchment barrier." United States v. Jewel, 947 F.2d 224, 240 (7th Cir. 1991) (Easterbrook, J., concurring). The opinions questioning the widespread refusal to apply the exclusionary rule at sentencing place great emphasis on the perception that the advent of the Sentencing Guidelines has shifted the focus of the prosecution from the conviction stage to the sentencing stage. See Jewel, 947 F.2d at 239-40 (Easterbrook, J., concurring); United States v. McCrory, 930 F.2d 63, 71 (D.C. Cir. 1991) (Silberman, J., concurring); see also United States v. Kim, 25 F.3d 1426, 1437 (9th Cir. 1994) (Schroeder, J., concurring). According to these opinions, the potential under the Guidelines for law enforcement officials to obtain a conviction on relatively minor conduct, and then to seek a significantly enhanced sentence by introducing other evidence at sentencing, necessitates the application of the exclusionary rule at sentencing. See Kim, 25 F.3d at 1437 (Schroeder, J., concurring); Jewel, 947 F.2d at 240 (Easterbrook, J., concurring). Without such a

limitation, the defendant argues, once police have legitimately obtained some evidence of crimes with broad sentencing ranges, they may then ignore the requirements of the Fourth Amendment in seizing evidence that, although inadmissible during the government's case-in-chief, could be used to support an enhanced sentence after conviction in a way that effectively undermines the very purpose of the exclusionary rule. See Jewel, 947 F.2d at 240 (Easterbrook, J., concurring); see also Kim, 25 F.3d at 1437 (Schroeder, J., concurring); McCrory, 930 F.2d at 71-72 (Silberman, J., concurring).

"[T]he [exclusionary] rule is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." United States v. Calandra, 414 U.S. 338, 348 (1974); see Stone v. Powell, 428 U.S. 465, 486 (1976). Because the exclusionary rule is designed to deter official misconduct, and not to remedy individual constitutional violations, its application is "restricted to those areas where its remedial objectives are thought most efficaciously served."/3 Calandra, 414 U.S. at 348. In order to determine whether the exclusionary rule should bar the introduction of evidence seized in violation of the Fourth Amendment at a sentencing hearing, we must weigh the additional deterrent benefit to be gained by applying the rule at sentencing against the costs such an application would impose on sentencing proceedings and on the goal of achieving fair, accurate, and individualized sentences. See Illinois v. Krull, 480 U.S. 340, 347 (1987) (determining the application of the exclusionary rule by "examin[ing] whether the rule's deterrent effect will be achieved, and . . . weigh[ing] the likelihood of such deterrence against the costs of withholding reliable information from the truth-seeking process"); Calandra, 414 U.S. at 349; United States v. Puglia, 8 F.3d 478, 482 (7th Cir. 1993).

The issue of the application of the exclusionary rule at sentencing under the Sentencing Guidelines is a matter of first impression in this Court, but nine other circuits have considered the issue and determined that, in most circumstances, the exclusionary rule does not bar the introduction of the fruits of illegal searches and seizures during sentencing proceedings. See United States v. Tauil-Hernandez, 88 F.3d 576, 580-81 (8th Cir. 1996); Kim, 25 F.3d at 1432-36; United States v. Montoya-Ortiz, 7 F.3d 1171, 1181-82 (5th Cir. 1993); United States v. Jenkins, 4 F.3d 1338,

1344-45 (6th Cir. 1993); United States v. Tejada, 956 F.2d 1256, 1260-63 (2d Cir. 1992); United States v. Jessup, 966 F.3d 1354, 1356-57 (10th Cir. 1992); McCrory, 930 F.2d at 70; United States v. Torres, 926 F.2d 321, 322-25 (3d Cir. 1991); United States v. Lynch, 934 F.2d 1226, 1234-37 (11th Cir. 1991). In addition to the great weight of precedent supporting the government's argument, we considered a similar question in the context of a confession obtained in violation of a defendant's Miranda rights and concluded that "[t]he exclusionary rule is generally inapplicable during sentencing." Del Vecchio v. Illinois Dep't of Corrections, 31 F.3d 1363, 1388 (7th Cir. 1994) (en banc). After a consideration of the issue in light of this existing precedent, we conclude that under the circumstances presented here the exclusionary rule should not bar the introduction at sentencing of evidence seized in violation of the Fourth Amendment./4

Against the backdrop of the traditionally broad sentencing inquiry, and the congressional mandate in U.S.S.G. sec. 3116 that courts consider all relevant information in sentencing, the detrimental effects of applying the exclusionary rule at sentencing are obvious. To exclude illegally-obtained evidence during the sentencing phase "would frustrate the federal policy, codified, in part, in the [The Sentencing Reform] Act and the Sentencing Guidelines, that judges consider all relevant and reliable facts in order to assure that each defendant receives an individualized sentence." Lynch, 934 F.2d at 1236. Moreover, because illegally-seized evidence is not inherently unreliable, see Stone, 428 U.S. at 490 ("[T]he physical evidence sought to be excluded is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant."); United States v. Lee, 540 F.2d 1205, 1211 (4th Cir. 1976), the exclusion of all such evidence at the sentencing phase would inhibit the ability of sentencing judges to impose fair and accurate punishments on defendants. See Tauil-Hernandez, 88 F.3d at 581 (citing Lynch, 934 F.2d at 1236; McCrory, 930 F.2d at 680). These detrimental effects are significant, and we conclude that these effects are not outweighed by the marginal deterrence that might be gained from extending the application of the exclusionary rule to sentencing proceedings. See Torres, 926 F.2d at 325 (rejecting the application of the exclusionary rule at sentencing because "[t]he desirability of reaching an appropriate decision in sentencing outweighs what little deterrent effect may be present"); Tejada, 956 F.2d at 1263; McCrory, 930 F.2d at 69.

Although there is certainly a small risk that under the Sentencing Guidelines law enforcement officials will intentionally violate a defendant's Fourth Amendment rights in order to increase a sentence, "we doubt that there are many police officers who would risk the fruits of prior legitimate law enforcement activities in so cynical a fashion." Tauil-Hernandez, 88 F.3d at 581 (citing Lynch, 934 F.2d at 1236 & n.14). Furthermore, the application of the exclusionary rule to the government's case-in-chief still provides strong incentives for law enforcement officials to follow proper procedure in order to build as strong a case as possible against the defendant during the conviction phase of trial. See Tejada, 956 F.2d at 1262. Because we do not believe the deterrence that might be gained through the application of the exclusionary rule to sentencing proceedings justifies limiting a district court's consideration of all relevant and reliable information in order to assure fair, accurate, and individualized sentences, we join the other circuits who have considered this issue and hold that the exclusionary rule does not bar the consideration at sentencing of evidence seized in violation of the Fourth Amendment.

III.  Conclusion

Because we hold that the district court properly refused to apply the exclusionary rule at sentencing to bar the consideration of the 443 grams of illegally-seized heroin, we AFFIRM the decision of the district court.

/1 The Guidelines also mandate that sentencing courts consider "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. sec. 1B1.3(a)(2).

/2 U.S.S.G. sec. 1B1.4, which governs the determination of a defendant's sentence within a selected guidelines range or the appropriateness of a departure from that range, grants a trial court broad discretion to consider all relevant and reliable information at sentencing, with the significant limitation that the court may not consider evidence whose admission or consideration is "otherwise prohibited by law." U.S.S.G. sec. 1B1.3, governing the selection of the applicable offense level, does not contain any such limitation. By failing to qualify the broad language of U.S.S.G. sec. 1B1.3 in the same way that it qualified the language of U.S.S.G. sec. 1B1.4, the Sentencing Commission left open the possible interpretation that a district court is not limited by other sources of law in initially determining the applicable guidelines range, but rather is only so limited in terms of

the information it can consider when selecting a sentence within a selected guidelines range or when deciding whether to depart from that range. See United States v. Kim, 25 F.3d 1426, 1433-34 (9th Cir. 1994). However, because we find no applicable law prohibiting the consideration of evidence during the sentencing phase, the district court's decision would be correct regardless of whether the limitations of U.S.S.G. sec. 1B1.4 is incorporated into U.S.S.G. sec. 1B1.3. See id. at 1434. We therefore do not address this issue of interpretation here.

/3 Because the exclusionary rule is limited to situations where its deterrent effect is best served, the Supreme Court has recognized a variety of situations in which it does not apply. See, e.g., United States v. Leon, 468 U.S. 897 (1984) (holding that evidence seized in good-faith reliance on a defective warrant was admissible); United States v. Janis, 428 U.S. 433 (1976) (stating that the exclusionary rule was not applicable to federal civil tax proceedings); Calandra, 414 U.S. at 338 (finding that the exclusionary rule did not apply to grand jury proceedings); Walder v. United States, 347 U.S. 62 (1954) (holding that illegally-obtained evidence could be used to impeach a criminal defendant at trial).

/4 Because there are no allegations in this case that the police intentionally acted illegally in seizing the heroin from the air conditioner box in order to enhance the defendant's sentence, "we leave open the question whether suppression would be necessary and proper at the sentencing phase where it is shown that the police acted egregiously, e.g., by undertaking a warrantless search for the very purpose of obtaining evidence to increase a defendant's sentence." McCrory, 930 F.2d at 69 (citing Verdugo v. United States, 402 F.2d 599, 611-13 (9th Cir. 1968) (excluding evidence seized during a "blatantly illegal" search in a situation where the police needed to be deterred from making such searches); United States v. Vandemark, 522 F.2d 1019, 1024 (9th Cir. 1975) (limiting Verdugo to cases where refusing to apply the exclusionary rule "would provide a substantial incentive for unconstitutional searches and seizures")).