F I L E D
United States Court of Appeals
Tenth Circuit

AUG 30 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KEITH CARNES,

      Defendant-Appellant.

No. 99-1573
(D.C. No. 99-CR-100-N)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, Circuit Judge, **BRISCOE**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

Neither party has requested oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In the first count of a two-count indictment Keith Carnes ("Carnes") was charged with possessing with an intent to distribute crack cocaine in violation of 21 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

841(a)(1) and (b)(1)(A)(iii). In the second count, Carnes was charged with possessing

with an intent to distribute a mixture or substance containing a detectable amount of

cocaine ("powder cocaine") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). By pre-

trial motion, Carnes filed a motion to suppress evidence seized by the Aurora Police in a

search of his motel room at the Motel 6, in Aurora, Colorado, and to suppress any

statements made by Carnes at that time, on the ground that such evidence was seized

without a warrant and in the absence of a valid consent. The room in question, No. 307,

was rented by Carnes who was accompanied by Shanae Whitmore ("Whitmore"). Acting

on consent given them by Whitmore, the Aurora police searched room 307 of the Motel 6.

The search of room 307 disclosed in a partially unzipped shaving kit approximately 100

grams of crack cocaine and in a separate white plastic bag, in a grocery sack,

approximately 126 grams of powder cocaine. After hearing, the district court granted

Carnes' motion to suppress the use at trial of the crack cocaine found in the shaving kit,

but, at the same time, denied the motion to suppress as it related to the powder cocaine

found in the white plastic bag.[1] Thereafter, pursuant to a plea agreement,[2] the

government dismissed Count 1, and Carnes pled guilty to Count 2. Carnes now appeals

[1]After hearing, the district court held that Whitmore had no authority to consent to the search of the shaving kit, but that she did have authority to consent to the search of the white plastic bag containing powder cocaine.

[2]In the plea agreement, Carnes was advised that the government at sentencing would assert that the amount of crack cocaine should be factored into the calculation of Carnes' total base offense level.

the sentence imposed thereon.  Accordingly,  the propriety of the district court's order as it relates to Carnes' motion to suppress is not involved in the present appeal.  This is a sentencing case.

At sentencing, it was determined that the adjusted base offense level for an offense involving 126 grams of powder cocaine was 15, which with criminal history category II resulted in a sentencing guidelines range of 21-27 months imprisonment.  However, after factoring in the amount of crack cocaine found in the shaving kit (99.8 grams), the district court determined that under United States Sentencing Guidelines § 1B1.3 Carnes' total offense level was 29, which with criminal history category II resulted in a sentencing guideline range of 97-121 months.  (Under 21 U.S.C. § 841(b)(1)(A)(iii), there is a 10 year (120 months) mandatory minimum sentence for possession of 99.8 grams of crack cocaine with an intent to distribute.)  At sentencing, Carnes' counsel objected to factoring in the amount of crack cocaine found in the shaving kit.  The district court overruled that objection, and sentenced Carnes to imprisonment for 97 months.  Carnes appeals the sentence imposed.

On appeal, the parties agree that the only issue is whether the district court erred in holding that the Fourth Amendment prohibition against unreasonable searches did not preclude the court from considering the illegally obtained evidence, namely, 99.8 grams of crack cocaine, in determining Carnes' total offense level.  Carnes claims it does.  The government claims it does not.  We agree with the government.

In holding that the number of grams of crack cocaine found in the unzipped shaving kit should be factored into a determination of Carnes' total offense level, and that such inclusion did not offend either the Sentencing Guidelines or the Fourth Amendment, the district court spoke as follows:

> 5.  I have previously discussed the legal issues presented when the Government attempts to use suppressed drugs for the purpose of enhancing a base offense level. *See United States v. Gilmer,* 811 F. Supp. 578, (D. Colo. 1993).  I concluded as a general rule that illegally seized evidence could be used to set a base offense level unless the circumstances demonstrated an unacceptably high incentive for police to violate the Fourth Amendment. *Id.* at 584-86.  I based this conclusion on the persuasive analysis of concurring opinions in *United States v. McCrory,* 930 F.2d 63, 70 (D.C. Cir. 1991) (Silberman, J., concurring) and *United States v. Jewel,* 947 F.2d 224, 238 (7th Cir. 1991) (Easterbrook J., concurring).  Although the Tenth Circuit has not squarely decided the issue presented, its cases are consistent with the *McCrory* and *Jewell* concurrences. *See, e.g., United States v. Jessup,* 966 F.2d 1354 (10th Cir. 1992).
>
> 6.  The circumstances here do not support any finding that there is an unacceptably high incentive for police to violate the Fourth Amendment.  There is no evidence that, when the search was conducted, the police had decided to present the case for prosecution in the federal system, where the quantity and nature of drugs seized can have a substantial and predictable impact on the sentence received.  There is also no evidence that, if and when the case was presented, federal prosecution was probable or assured.  Finally, it was pure happenstance that the crack cocaine was in a particular type of container and was therefore suppressed.  Use of the suppressed evidence to set the base offense level provides little incentive for fourth amendment violations in these circumstances.

As indicated, the only issue is whether under the circumstances of this case the

district court erred in factoring into Carnes' total offense level the 99.8 grams of crack cocaine found in the partially unzipped shaving kit which the district court has previously ruled was seized in violation of the Fourth Amendment. Congress has authorized a broad review of an offender's background in order to allow the sentencing judge to determine an appropriate sentence. In this connection, 18 U.S.C. § 3661 provides that "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." In deciding whether the exclusionary rule should be extended to sentencing matters, a court should analyze the issue in terms of whether the deterrent effect achieved by extending the rule will out-weigh the detrimental effects of excluding reliable evidence which would assist the sentencing judge in determining the appropriate sentence. *United States v. Brimah,* 214 F.3d 854, 857 (7th Cir. 2000); *United States v. McCrory,* 930 F.2d 63, 69 (D.C. Cir. 1991).

As stated, the district judge in the instant case concluded that the facts and circumstances did not indicate that in seizing the crack cocaine the Aurora police had an "unacceptably high incentive . . . to violate the Fourth Amendment" and that such being the case he would follow the "general rule that illegally seized evidence could be used to set a base offense level . . . ." We are in general accord with his analysis of the matter. In this regard, we note that the seizure of the crack cocaine and the powder cocaine occurred

in the same search, and that there was no second and subsequent search for drugs that would possibly enhance Carnes' total offense level. There is nothing to indicate that in the search of the unzipped shaving kit the purpose of the police officers was to enhance Carnes' total base offense level.

In *United States v. Jessup,* 966 F.2d 1354 (10th Cir. 1992), we held that a district court could deny a defendant credit for acceptance of responsibility under the Sentencing Guidelines even though the information upon which the district court based its denial was obtained in violation of state law. In so doing we spoke as follows:

> This circuit has followed the approach of balancing the effect of applying the exclusionary rule at sentencing against the costs of impairing effective and suitable punishment of proven offenders and unduly complicating sentencing procedures. *See United States v. Graves,* 785 F.2d 870, 873 (10th Cir. 1986) (pre-sentencing guidelines case). As a general rule, the *Graves* court believed the extension of the exclusionary rule to sentencing proceedings would have an insignificant deterrent effect and would intolerably delay and disrupt sentencing proceedings by requiring the sentencing judge to determine whether every item of information relied on had a lawful origin.

*Id.* at 1356.

We are in general accord with the district court's handling of this matter.[3]

---

[3]In an unpublished opinion, *United States v. Thurmond,* 1998 WL 163371 (D. Kan. Apr. 8, 1998), we spoke as follows:
> Ordinarily, the remedy for a violation of a defendant's Sixth Amendment right to counsel is the exclusion at trial of any improperly obtained evidence. Here, however, the evidence was used not at trial, but at sentencing. Consistent with other circuits, we have held that the exclusionary rule

Judgment affirmed.[4]

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

---

generally does not apply to exclude improperly obtained evidence at sentencing, at least so long as there is no indication the evidence was illegally obtained to secure an increased sentence. *Id.* at **2 (citations omitted).

[4]In affirming on the basis of the district court's analysis of the matter, we decline to hold, as we are asked to do by the government, that evidence seized in violation of the Fourth Amendment is always admissible at sentencing. We need not address that matter in this case.