**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John J. SECO DE LUCENA,**
**Defendant–Appellant.**

**No. 01–2391.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 13, 2001.

Decided Dec. 14, 2001.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

## ORDER

John J. Seco de Lucena pleaded guilty to one count of conspiring to manufacture and distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1); two counts of manufacturing methamphetamine, *id.* § 841(a)(1); four counts of distributing methamphetamine, *id.;* one count of maintaining a place for manufacturing methamphetamine, *id.* § 856; and one count of possessing a firearm after a felony conviction, 18 U.S.C. § 922(g). The district court sentenced him to a total of 360 months' imprisonment and eight years' supervised release. Seco de Lucena filed a notice of appeal but his attorney now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Seco de Lucena did not file a response to counsel's motion, *see* Cir. R. 51(b), and counsel's brief is facially adequate, so we limit our review to the potential issues counsel raises. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We grant counsel's motion and dismiss the appeal.

Counsel first considers whether Seco de Lucena could argue that his guilty plea was not knowing and voluntary. We will uphold a guilty plea if we are satisfied that the defendant was informed of his rights and understood the consequences of his plea. *United States v. Godwin,* 202 F.3d 969, 972 (7th Cir.), *cert. denied,* 529 U.S. 1138, 120 S.Ct. 2023, 146 L.Ed.2d 970 (2000). Because Seco de Lucena did not move to withdraw his plea in the district court, our review would be limited to plain error. *See United States v. Driver,* 242 F.3d 767, 769 (7th Cir.2001). But even if we were to apply the more exacting harmless error standard, *see United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we would

agree that a challenge to Seco de Lucena's guilty plea would be frivolous.

■ At the plea hearing the district court questioned Seco de Lucena at length to ensure that he understood the charges against him, the rights he would waive by pleading guilty, the likely effect of the sentencing guidelines, and the maximum and minimum penalties he faced. *See* Fed. R.Crim.P. 11(c). The court also required the government to proffer an adequate factual basis for its case, which Seco de Lucena affirmed. Seco de Lucena testified that in exchange for his plea, he expected the government to dismiss one count of the indictment and amend another. There is no evidence the government failed to meet these obligations; nor is there any suggestion that Seco de Lucena wishes to withdraw his guilty plea. We therefore agree that an appeal on this ground would be frivolous.

Counsel next considers whether Seco de Lucena could argue that his trial lawyer was ineffective. Ineffective-assistance claims are usually inappropriate on direct appeal because they often require consideration of facts outside the record. *United States v. Hamzat,* 217 F.3d 494, 501 (7th Cir.2000). Seco de Lucena would be better served by bringing an ineffective-assistance claim in a collateral motion under 28 U.S.C. § 2255 if he so desires. *Id.*

Counsel also discusses whether Seco de Lucena could raise a nonfrivolous challenge to his sentence. In the district court Seco de Lucena raised a single objection to the presentence report ("PSR"), namely, that it failed to afford him a two-level reduction for acceptance of responsibility. The court granted the reduction. Because Seco de Lucena stated that he had no further objections to the PSR, any other objections would be waived on appeal. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). We agree that pursuing a challenge to Seco de Lucena's sentence would be frivolous.

■ Counsel also considers whether Seco de Lucena could argue that the district court improperly considered whether his drug activities affected his infant daughter in sentencing him at the high end of the range. The guidelines grant trial courts broad discretion to consider "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4; *United States v. Brimah,* 214 F.3d 854, 856 (7th Cir. 2000). Although a court cannot consider certain factors—such as the defendant's race, sex, or religion—third party effects of a defendant's criminal activity is not a prohibited consideration. *See* U.S.S.G. § 5H1.10. We have observed that "the Supreme Court has consistently approved the use of virtually any conduct (uncharged, acquitted, or otherwise) in sentencing." *United States v. Raimondi,* 159 F.3d 1095, 1103 (7th Cir.1998). Moreover, absent an error of law or misapplication of the guidelines, we would lack jurisdiction to review the court's choice of sentence within the applicable range. *United States v. Byrd,* 263 F.3d 705, 707 (7th Cir.2001). We therefore agree that an appeal on this ground would be frivolous.

■ Counsel finally considers whether Seco de Lucena could challenge the district court's denial of his request for a downward departure. Seco de Lucena moved for a downward departure under U.S.S.G. § 4A1.3, arguing that his status as a career offender significantly over-represented the seriousness of his criminal history. The court recognized that it had authority to depart but found that Seco de Lucena's case did not warrant departure. We agree with counsel that we would lack jurisdiction to review the court's discretionary denial of a request for a downward

departure. *See United States v. Atkinson,* 259 F.3d 648, 652–53 (7th Cir.2001).

Counsel's motion to withdraw is GRANTED and the appeal is DIS-MISSED.