In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 13-1301

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

TYLER SANDERS,

*Defendant-Appellant*.

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:09-cr-00156-LJM — **Larry J. McKinney**, *Judge*.

———————————

ARGUED JANUARY 28, 2014 — DECIDED FEBRUARY 14, 2014

———————————

Before WOOD, *Chief Judge*, and EASTERBROOK and KANNE,
*Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Tyler Sanders pleaded guilty
to possessing more than 50 grams of cocaine base with intent
to distribute. At sentencing, the district judge found that he
possessed more than 500 grams of cocaine or cocaine base
and calculated an offense level of 26, producing a recom-
mended range of 110 to 137 months' imprisonment. The
judge sentenced Sanders to 120 months. Most of the cocaine

that was included as relevant conduct for the purpose of calculating the offense level had been seized from Sanders's home, which the police searched with a warrant following his arrest. The district judge concluded that the warrant was invalid and ruled that the evidence seized from Sanders's home could not be used against him at trial. 710 F. Supp. 2d 821 (S.D. Ind. 2010). Sanders contends that the judge should have prohibited use of that evidence at sentencing too.

We held in *United States v. Brimah*, 214 F.3d 854 (7th Cir. 2000), that the exclusionary rule does not apply at criminal sentencing. Every other court of appeals has come to the same conclusion. Sanders does not ask us to overrule *Brimah*. Instead he observes that a footnote, 214 F.3d at 858 n.4, remarks that the appeal did not present the question whether an "egregious" violation of the fourth amendment might justify suppression at sentencing. Sanders wants us to call the search of his house "egregious" and hold that the evidence must be suppressed. He acknowledges, however, that this step would itself create a conflict among the circuits: No court of appeals has held that evidence is inadmissible at sentencing on account of an "egregious" violation (whatever that might mean in operation). See also 18 U.S.C. §3661, which provides that all evidence is admissible at sentencing. We could create an "egregious violation = suppression" rule only at the expense of holding §3661 unconstitutional as applied, a step no court of appeals has taken.

Judges regularly remark the limits of their holdings. In addition to footnote 4 in *Brimah*, this court has several times observed that it was unwilling to suppress evidence at sentencing when the defendant had not shown that the police knowingly violated the Constitution for the purpose of jack-

ing up the sentence. See, e.g., *United States v. Perez*, 581 F.3d 539, 544 (7th Cir. 2009); *United States v. Krueger*, 415 F.3d 766, 780 (7th Cir. 2005). But we have never held that such a purpose *does* justify suppression at sentencing. Turning a reservation of an issue into a holding that a police officer's mental state could lead to suppression would violate the Supreme Court's strongly expressed view that the fourth amendment is administered objectively, without regard to police officers' thoughts or beliefs. See, e.g., *Kentucky v. King*, 131 S. Ct. 1849, 1859 (2011), which quotes and cites earlier decisions. And this court has consistently rebuffed arguments that manipulation of events by police or prosecutors to get higher sentences justifies disregarding evidence in the name of the fifth amendment or a common-law doctrine of "sentencing manipulation" or "sentencing entrapment". See, e.g., *United States v. Long*, 639 F.3d 293, 300–01 (7th Cir. 2011); *United States v. Turner*, 569 F.3d 637, 641 (7th Cir. 2009); *United States v. Garcia*, 79 F.3d 74, 76 (7th Cir. 1996). The rationale of those cases applies equally to contentions that searches and seizures were designed to yield longer sentences.

So Sanders cannot get mileage from the fact that particular issues have been reserved or bypassed in earlier cases. To succeed on this appeal, he must persuade us to create an "egregious violation" exception to the doctrine that the exclusionary rule does not apply at sentencing. There are at least four obstacles to that proposal.

**First**, although the Supreme Court regularly asks whether the exclusionary rule applies to one or another stage of a proceeding—to the prosecution's case in chief, to cross-examination, to immigration proceedings, to OSHA investigations, and so on—the Court has never held that the an-

swer is "sometimes." The rule applies, or it does not. It applies to the prosecution's case-in-chief and to the cross-examination of most witnesses, but not to cross-examination of the defendant. See *James v. Illinois*, 493 U.S. 307 (1990) (distinguishing the defendant personally from other witnesses). It does not apply to immigration proceedings. *INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984). Sanders wants us to create a novel distinction between "ordinary" and "egregious" violations that lacks any support in the holdings of the Court that created the exclusionary rule and defines its scope. (*Lopez-Mendoza* reserved decision on the question whether egregious misconduct could justify suppression, 468 U.S. at 1050–51, but we have explained why reserving a question does not equal a holding.)

**Second**, the Supreme Court has held that the exclusionary rule does not apply to evidence obtained by officers who reasonably rely on a warrant, see *United States v. Leon*, 468 U.S. 897 (1984), or make certain kinds of negligent errors, see *Herring v. United States*, 555 U.S. 135 (2009). The search of Sanders's house was authorized by a warrant. That makes it difficult to see any space between ordinary and egregious violations of the fourth amendment for the purpose of sentencing. If the violation had been an ordinary one, then under *Leon* the evidence would have been admissible for all purposes. After decisions such as *Leon* and *Herring*, a doctrine that "the exclusionary rule does not apply at sentencing except for egregious violations" would come to much the same thing as "the exclusionary rule applies at sentencing in the same way it does at trial."

**Third**, it is hard to understand how an "egregious" violation could be defined in a way that is both administrable and

distinguishes severe from other violations. An epithet differs from a rule of law. Sanders contends that his own situation illustrates an "egregious" violation, but we doubt it.

After Sanders was arrested while in possession of marijuana, a state judge issued a warrant to search his home. The application described the arrest and the drugs found on or near Sanders; mentioned that he had prior drug-related charges; stated that an informant had set up a purchase of cocaine from Sanders but that the transaction fell through after the informant did not appear with the cash (though Sanders himself showed up); and asserted that one officer had smelled the odor of marijuana near Sanders's home. The district judge suppressed the evidence after concluding that the affiant had recklessly omitted the information that a drug-detection dog near the building had not alerted to the odor of drugs. Sanders wants us to treat the omission as an "egregious" violation. Yet there are shades of recklessness; only one equates to intent, see *Farmer v. Brennan*, 511 U.S. 825 (1994), and it is not clear that all "intentional" violations of the fourth amendment should be deemed "egregious."

Indeed, it is not clear to us that *any* violation of the fourth amendment occurred in the search of Sanders's home. Unfortunate though the omission of the information about the dog may have been (the omission might support an inference that the officer who claimed to smell marijuana was lying, though more marijuana was found when the warrant was executed), the remaining evidence was strong. Sanders had been arrested with marijuana on his person (and was later found to be hiding more marijuana and a distribution quantity of cocaine in his rectum) and had not only agreed to sell cocaine to an informant but also appeared at the site ar-

ranged for the sale. Why would it be unreasonable to think that he had some of his inventory at home? The omission of exculpatory information from a warrant application does not spoil the search, if what remains shows probable cause. See *Franks v. Delaware*, 438 U.S. 154 (1978). The United States has not contended that the district judge erred in ruling that the cocaine would have been suppressed had there been a trial (which Sanders's guilty plea prevented), but neither has it conceded that this warrant was so obviously invalid that any reasonable officer would have understood that the search was impermissible.

**Fourth**, an "egregious violation" exception is not necessary to deter officers from violating the fourth amendment— and deterrence is the goal of the exclusionary rule. When a violation of the fourth amendment really *is* beyond the pale, the offending officers will be liable in damages. Qualified immunity protects officers who commit "ordinary" violations of the fourth amendment, but not those who wilfully or blatantly violate the Constitution. See, e.g., *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (in suits alleging violations of the fourth amendment, qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law"). Given officers' qualified immunity, it would be easier to conclude that "ordinary" violations should lead to suppression in sentencing proceedings, in order to preserve deterrence, see *United States v. Jewel*, 947 F.2d 224, 238–40 (7th Cir. 1991) (concurring opinion), than to conclude that suppression is essential to deter "egregious" violations while others go unchecked.

The exclusionary rule does not apply at sentencing. An "egregious violation" exception is not necessary to deter vio-

lations, as long as damages are available. The district judge did not err in following §3661 and considering the evidence found during the search of Sanders's home. The judgment therefore is

AFFIRMED.